IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MARGARET OROSZ,<br>333 Mamaroneck Avenue<br>White Plains, NY 10602<br><br>   Plaintiff,<br><br> v.<br><br>REGENERON PHARMACEUTICALS, INC.,<br>777 Old Saw Mill River Road<br>Tarrytown, NY 10591<br><br>   Defendant. | No.<br><br>**JURY TRIAL DEMANDED** |

## AMENDED CIVIL COMPLAINT

Plaintiff Margaret Orosz (hereinafter referred as "Plaintiff"), by and through undersigned counsel, hereby complains as follows against Defendant Regeneron Pharmaceuticals, Inc., (hereinafter referred to as "Defendant").

## INTRODUCTION

1. Plaintiff has initiated the instant action to redress Defendant's violations of the Fair Labor Standards Act ("FLSA"), the New York Labor Law ("NYLL"), and Title VII of the Civil Rights Act of 1964 ("Title VII"). Plaintiff asserts that Defendant failed to pay Plaintiff wages, including overtime wages, in violation of the FLSA and the NYLL. Furthermore, Defendant violated Title VII by terminating Plaintiff due to her pregnancy.

## JURISDICTION AND VENUE

2. The foregoing paragraphs are incorporated herein as if set forth in their entirety.

3. The Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the claims herein arise under laws of the United States, specifically the FLSA and Title VII. This Court has supplemental jurisdiction over related state law claims because they arise out of the same circumstance and are based upon a common nucleus of operative fact.

4. This Court may properly maintain personal jurisdiction over Defendant because Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendant to comply with traditional notions of fair play and substantial justice.

5. Venue is properly laid in this judicial district pursuant to 28 U.S.C. §§ 1391(b)(1) and (b)(2), because Defendant resides in and/or conduct business in this judicial district and because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

6. Plaintiff has exhausted all administrative remedies as required as a prerequisite to the filing of her instant Title VII claims.

## PARTIES

7. The foregoing paragraphs are incorporated herein as if set forth in full.

8. Plaintiff is an adult individual with an address as set forth above.

9. Defendant is a business located and doing business in New York at the address set forth above.

10. At all times relevant herein, Defendant acted by and through its agents, servants, and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendant.

**FACTUAL BACKGROUND**

11.     The foregoing paragraphs are incorporated herein as if set forth in full.

12.     Microsol Resources Corp. (hereinafter "Microsol") is a staffing company, which specializes in the placement of professionals exclusively for the architecture, engineering, and construction markets.

13.     In or around April 2013, Microsol hired Plaintiff as a consultant with the intention of placing her with another company.

14.     On or about June 5, 2013, Defendant hired Plaintiff, through Microsol, as a consultant architect in its Facilities Space Planning Department.

15.     At all relevant times herein, Plaintiff remained employed by both Defendant Regeneron and Microsol.

**Failure to Pay Overtime Wages**
**(FLSA and New York Wage Laws)**

16.     The foregoing paragraphs are incorporated herein as if set forth in full.

17.     At no time did Plaintiff supervise any employees of Defendant during her employment

18.     At no time did Plaintiff have the authority to hire or fire any employees of Defendant during her employment.

19.     At no time did Plaintiff perform office or non-manual work directly related to the management or general business operations of Defendant or Defendant's customers that involved the exercise discretion or independent judgment over matters of significance.

20.     Plaintiff earned an hourly wage, not a salary.

21.     Accordingly, Plaintiff was, within the meaning of the FLSA and the NYLL, a non-exempt employee of Defendant.

22. While working at Defendant, Microsol directed Plaintiff to record her hours and submit them to Defendant.

23. Defendant would then pay Microsol $90.00 for each hour worked and recorded by Plaintiff.

24. Microsol would then pay Plaintiff $50.00 for each hour worked and recorded by her.

25. When Plaintiff first began working at Defendant, Plaintiff reported all hours worked, which regularly exceeded 50 hours in a workweek.

26. However, beginning in August 2013, Plaintiff's manager, Patricia Hamilton (hereinafter "Manager Hamilton") directed Plaintiff to record significantly fewer hours than Plaintiff actually worked each workweek.

27. By way of example only, for the pay period ending on or about August 4, 2013, Manager Hamilton directed Plaintiff to record only 34 hours even though Plaintiff actually worked 56 hours.

28. Plaintiff followed Manager Hamilton's directive to underreport her hours until in or around late-October 2013.

29. In or around late-October 2013, Plaintiff began opposing Manager Hamilton's directive to underreport her hours.

30. Plaintiff told Manager Hamilton that she needed to be paid for all of the hours she worked and that she would not continue underreporting her hours.

31. Thereafter, Plaintiff reported all of her work hours.

32. However, in or around January 2014, Manager Hamilton again pressured and directed Plaintiff to underreport her hours.

33. Per Manager Hamilton's command, Plaintiff again began underreporting her hours and continued to do so until in or around May 2014 when Plaintiff ceased underreporting her hours and reported all hours worked thereafter until her termination in or around August 2014.

34. Defendant's conduct in requiring Plaintiff to record fewer hours than she actually worked resulted in Defendant failing to pay Plaintiff her hourly rate of $50.00 per hour for all hours worked by Plaintiff.

35. As Plaintiff often worked in excess of 40 hours in a workweek, Defendant's conduct also resulted in Defendant failing to pay Plaintiff overtime wages of one and one-half times her hourly wage for all hours worked in excess of 40 hours in a workweek.

## Discrimination and Wrongful Termination
### (Title VII)

36. The foregoing paragraphs are incorporated herein as if set forth in their entirety.

37. In or around the same time in August 2013, Plaintiff requested and received permission from Manager Hamilton to leave work early or arrive late as needed on days she needed to undergo In-Vitro Fertilization ("IVF") treatments.

38. During the conversation in which Plaintiff requested the leave, Manager Hamilton instructed Plaintiff, "if anyone asks you if you plan to have children, tell them your time has passed and that you are not having children."

39. Plaintiff informed Manager Hamilton of her IVF treatments in confidence.

40. However, beginning in September 2013, Plaintiff's co-workers began making comments regarding Plaintiff's efforts to get pregnant.

41. For example, Defendant's Space Planning Coordinator, Lynn Giralamo, declared, "anyone who sits next to me becomes pregnant" while Plaintiff was in the same room.

42. In or around November 2013, Manager Hamilton informed Plaintiff that she would be hired on as a permanent employee of Defendant.

43. Throughout the rest of Plaintiff's employment with Defendant, Manager Hamilton engaged in an ongoing discussion with Plaintiff about her transition to becoming a permanent employee.

44. In or around January 2014, Manager Hamilton told Plaintiff to tell Defendant's management that she was not planning on starting a family, saying "tell them you are too old for babies."

45. In or around January 2014, Manager Hamilton met with Plaintiff to discuss her transition to a permanent position with Defendant and instructed Plaintiff to draft a job description for her permanent position.

46. In or around April 2014, Manager Hamilton contacted Defendant's Procurement Manager, Keith Turvey (hereinafter "Manager Turvey"), and asked him to inquire about the cost to buy out Plaintiff's contract with Microsol.

47. Thereafter, Manager Turvey reported back that it would cost approximately $16,000 to buy out Plaintiff's contract and described the amount as a "good price for getting [Plaintiff] on board."

48. In or around May 2014, Defendant's Facilities Vice President, Joanne Deyo (hereinafter "VP Deyo"), asked Plaintiff if she had children and whether she was planning to start a family. Plaintiff quickly changed the subject without providing an answer.

49. In or around June or July 2014, Defendant's Manager, Annisa Williams (hereinafter "Manager Williams"), asked Plaintiff if she was pregnant, which Plaintiff denied.

50. On July 28, 2014, Plaintiff complained via e-mail to Defendant's Director of Human Resources, Daria Palestina (hereinafter "HR Palestina") and Microsol's Human Resources department about Co-worker, Jeannette Welday's harassment of her.

51. In her e-mail, Plaintiff informed Defendant that she was four (4) months pregnant and had recently developed respiratory issues related to her pregnancy.

52. On or about July 31, 2014, Defendant's Director of Facilities, Michelle Fritsche (hereinafter "Director Frische") informed Plaintiff that Defendant had decided to terminate her employment, effective at the end of August 2014.

53. Defendant asserted that it terminated Plaintiff due to lack of work. This is pretext.

54. In reality, Defendant terminated Plaintiff's employment and decided not to make her a permanent employee due to her pregnancy.

55. The aforementioned conduct has caused damages to Plaintiff.

## COUNT I
### Violations of the Fair Labor Standards Act ("FLSA")
**(Failure to pay Overtime Compensation)**

56. The foregoing paragraphs are incorporated herein as if set forth in full.

57. At all times relevant herein, Defendant has been and continues to be an "employer" within the meaning of the FLSA.

58. At all times relevant herein, Defendant was responsible for paying wages to Plaintiff.

59. At all times relevant herein, Plaintiff was employed with Defendant as an "employee" within the meaning of the FLSA.

60. Under the FLSA, an employer must pay an employee at least one and one half times his or her base rate for each hour worked in excess of forty hours per workweek.

61. Defendant's violations of the FLSA include, but are not limited to not paying Plaintiff at least 1.5 times her regular rate.

62. Defendant's conduct in failing to pay Plaintiff properly was willful and was not based upon any reasonable interpretation of the law.

63. As a result of Defendant's unlawful conduct, Plaintiff has suffered damages as set forth herein.

## COUNT II
### Violations of the New York Labor Law ("NYLL")
(Failure to pay Wages Earned)

64. The foregoing paragraphs are incorporated herein as if set forth in full.

65. At all times relevant herein, Defendant has and continues to be an "employer" within the meaning of the NYLL.

66. At all times relevant herein, Defendant was responsible for paying wages to Plaintiff.

67. At all times relevant herein, Plaintiff was employed with Defendant as an "employee" within the meaning of the NYLL.

68. Under the NYLL, an employer must pay an employee at least one and one half times his or her regular rate of pay for each hour worked in excess of forty hours per workweek.

69. Defendant's conduct in failing to pay Plaintiff proper overtime compensation for all hours worked beyond 40 per workweek violated the NYLL.

70. Under the NYLL, an employer must pay an employee all wages due and may not fail to pay an employee for all hours worked.

71. Defendant also violated the NYLL by failing Plaintiff her hourly rate for all hours worked.

72. Defendant's conduct in failing to properly pay Plaintiff was willful and was not based upon any reasonable interpretation of the law.

73. "Liquidated damages under the [New York] Labor Law ... are punitive in nature. They 'constitute a penalty' to deter an employer's willful withholding of wages due." Lanzetta v. Florio's Enterprises, Inc., 08 CIV. 6181 DC, 2011 WL 3209521, at *5 (S.D.N.Y. July 27, 2011) (Chin, J.), quoting Reilly v. NatWest Mkts. Grp. Inc., 181 F.3d 253, 265 (2d Cir.1999).

74. "Because of the different purposes the two forms of liquidated damages serve, plaintiff may recover under both statutes without obtaining an impermissible double recovery." *Lanzetta v. Florio's Enterprises, Inc.*, 08 CIV. 6181 DC, 2011 WL 3209521, at *5 (S.D.N.Y. July 27, 2011) (Chin, J.) (citing cases). The Wage Theft Protection Act, effective April 9, 2011, provides for liquidated damages at the rate of 100% of the amounts owed. NYLL §§ 663 and 198(1-a).

75. Accordingly, Plaintiff is entitled to liquidated damages under the NYLL *in addition to* the liquidated damages recoverable under the FLSA (which, unlike NYLL liquidated damages, do not serve a punitive function). *See Berrezueta v. Royal Crown Pastry Shop, Inc.*, 12-CV-4380 FB RML, 2013 WL 6579799, at *5 (E.D.N.Y. Dec. 16, 2013) (in addition to FLSA liquidated damages, "plaintiffs are entitled to one hundred percent liquidated damages under state law for time worked after April 9, 2011, and to twenty-five percent liquidated damages under state law for time worked before April 9, 2011."); *Garcia v. Giorgio's Brick Oven & Wine Bar*, 11 CIV. 4689 LLS FM, 2012 WL 3339220 (S.D.N.Y. Aug. 15, 2012) (same: "[NYLL] liquidated damages are available to [plaintiffs] in an amount equal to the full amounts they were underpaid for the period they worked between April 9, 2011, and the end of their employment.") *report and recommendation adopted,* 11 CIV. 4689 LLS, 2012 WL 3893537 (S.D.N.Y. Sept. 7,

2012); *Angamarca v. Pita Grill 7 Inc.,* 11 CIV. 7777 JGK JLC, 2012 WL 3578781, at *8 (S.D.N.Y. Aug. 2, 2012) (same: "Plaintiffs are entitled to liquidated damages on the total amount of unpaid regular and overtime wages ... under NYLL in amount equaling 25% of the total amount owed for work performed prior to April 9, 2011 and 100% of the total amount for work performed beginning April 9, 2011."); *Hernandez v. P.K.L. Corp.*, 12-CV-2276 NG RML, 2013 WL 5129815, at *6 (E.D.N.Y. Sept. 12, 2013) (same: in addition to FLSA liquidated damages "plaintiff is entitled to an award of liquidated damages ... equal to the total unpaid state minimum wages [and] unpaid overtime ... for the period from April 9, 2011 to June 9, 2012.").

76. As a result of Defendant's unlawful conduct, Plaintiff has suffered damages as set forth herein.

## COUNT III
### Violations of Title VII
### (Pregnancy Discrimination – Wrongful Termination)

77. The forgoing paragraphs are incorporated herein as if set forth in full.

78. At all times relevant herein, Defendant is and continues to be an "employer" within the meaning of Title VII.

79. At all times relevant herein, Plaintiff was employed by Defendant as an "employee" within the meaning of Title VII.

80. Title VII prohibits employers, such as Defendant, from discriminating against an employee on the basis of pregnancy.

81. Defendant violated Plaintiff's rights under Title VII by discriminating against Plaintiff and terminating her employment because she was pregnant.

82. These actions as aforesaid constitute violations of Title VII.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

(1) Defendant is to be prohibited from continuing to maintain its illegal policy, practice, or customs in violation of federal and state wage and hour laws;

(2) Defendant is to be prohibited from discriminating or retaliating against anyone else on any basis forbidden by Title VII;

(3) Defendant is to compensate, reimburse, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant's illegal actions, including but not limited to back pay and front pay;

(4) Plaintiff is to be awarded, pursuant to the FLSA and NY state law, liquidated damages in an amount equal to the actual damages in this case,

(5) Plaintiff is to be awarded damages for the pain, suffering, and humiliation caused by Defendant's actions;

(6) Plaintiff is to be awarded punitive damages in an amount believed by the Court or trier of fact to be appropriate to punish Defendant for its willful, deliberate, malicious, and outrageous conduct and to deter Defendant or other employers from engaging in such misconduct in the future;

(7) Plaintiff is to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable law.

(8) Plaintiff is to be awarded all other relief this Court deems just and proper.

(9)     Plaintiff demands a trial by jury on all questions of fact raised by the complaint.

                                          Respectfully Submitted,

**PASKOFF & TAMBER, LLP**
Of Counsel to Swartz Swidler, LLC

/s/ Adam Paskoff
ADAM PASKOFF, ESQ.
Attorneys for Plaintiff
225 W. 34th Street, Suite 1303
New York, NY 10122
Tel: (212) 643-5454
Fax: (877) 323-9766
Email: skofflaw@gmail.com

**SWARTZ SWIDLER, LLC**

*/s/ Matthew Miller*
Matthew Miller, Esq.
Richard S. Swartz Esq.
1101 Kings Highway N., Ste. 402
Cherry Hill, NJ 08034
Phone: (856) 685-7420
Fax: (856) 685-7417
*Pro Hac Vice Pending*

Date: October 30, 2015

## **DEMAND TO PRESERVE EVIDENCE**

1. Defendant is hereby directed to preserve all physical and electronic information pertaining in any way to Plaintiff's employment, to Plaintiff's cause of action and/or prayers for relief, and to any defenses to same, including, but not limited to, electronic data storage, closed circuit TV footage, digital images, computer images, cache memory, searchable data, emails, spread sheets, employment files, memos, text messages, any and all online social or work related websites, entries on social networking sites (including, but not limited to, Facebook, Twitter, MySpace, etc.), and any other information and/or data and/or things and/or documents which may be relevant to any claim or defense in this litigation.