UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

MARGARET OROSZ,

                Plaintiff(s),

- against -

REGENERON PHARMACEUTICALS, INC.,

                Defendant(s).

------------------------------------------------------------X

**ORDER**

15 CV 8504 (NSR)(PED)

Nelson S. Román, United States District Judge:

    Plaintiff Margaret Orosz ("Orosz" or "Plaintiff") commenced this action asserting claims in violation of the Fair Labor and Standards Act ("FLSA"), the New York Labor Law ("NYLL"), and Title VII discrimination as against Defendant Regeneron Pharmaceuticals, Inc. ("Regeneron" or "Defendant"). Defendant moved to dismiss Plaintiff's claim for discrimination. By Report and Recommendation ("R&R"), dated August 30, 2016, Magistrate Judge Lisa M. Smith ("Judge Smith"), recommends the Court deny Defendant's motion. Defendant has not objected to Judge Smith's R&R. For the following reasons, the Court adopts Judge Smith's R&R and denies Defendant's motion.

## BACKGROUND

    Plaintiff commenced this action asserting multiple claims in violation of the FLSA, the NYLL, and Title VII discrimination. In November 2015, Plaintiff filed an Amended Complaint wherein she withdrew a state claim. In May 2016, Plaintiff filed her Second Amended Complaint ("SAC") which is the operative complaint. In the SAC, Plaintiff asserts four claims: Count I for violation of the FLSA for failure to pay overtime compensation; Count II for

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/17/2016

Page 1 of 6

violation of the NYLL for failure to pay wages earned; Count III for violation of Title VII for pregnancy discrimination based on wrongful termination; and Count IV for violation of Title VII for pregnancy discrimination based on failure to hire. Defendant moved to dismiss Count IV pursuant to Fed. R. Civ. P. § 12(b)(6) for failure to state a claim.

In her SAC, Plaintiff alleges Regeneron hired her as a consultant architect in its Facilities Space Planning Dept. through Microsol Resource Corp. ("Microsol"), a staffing company and Orosz's co-employer. Plaintiff worked at Regeneron from June 2013 through August 2014. In August 2013, Plaintiff informed her manager, Patricia Hamilton ("Hamilton") that she was undergoing in-vitro fertilization treatment in order to become pregnant. Hamilton informed Plaintiff, if anyone asks you if you plan to have children, tell them "you are too old for babies." In or about November 2013, Hamilton informed Plaintiff she would be hired as a permanent Regeneron employee.

Throughout Plaintiff's employment at Regeneron, Hamilton engaged in on going discussions with Plaintiff about her transition to becoming a permanent employee. In or about January 2104, Hamilton met with Plaintiff and instructed her to prepare a job description for the position. In or about April 2014, Hamilton contacted Defendant's Procurement Manager, Keith Turvey ("Turvey") to inquire about the cost to buy out Plaintiff's contract with Microsol. Turvey reported the cost would be approximately $16,000, which he described as a "good price for getting [Plaintiff] on board." In or about May 2016, Defendant's Facilities Vice President, Joanne Deyo, asked Plaintiff if she had children and whether she planned on starting a family. Plaintiff changed the subject without answering the question. In or about June 2104, Defendant's Manager, Annisa Williams, asked Plaintiff if she was pregnant, which Plaintiff denied. On July 28, 2014, Plaintiff emailed Regeneron's Director of Human Resources, Daria Palestins, to report

that a co-worker was harassing her and informed that she was four months pregnant. On July 31, 2014, in a meeting attended by Regeneron's Director of Facilities, Michelle Fritsche, Plaintiff was informed that Regeneron decided not to hire her to a permanent position and was to be terminated effective at the end of August 2014. Regeneron changed its mind not to hire Plaintiff due to a lack of work and her lack of experience with Building Information Modeling ("BIFM"). Thereafter, Regeneron continued to solicit applicants for the position they intended to hire Plaintiff. Plaintiff asserts Regeneron made BIFM a criteria for the position after learning of Plaintiff's pregnancy and as a basis for denying her employment.

Judge Smith held, accepting as true all the factual allegations in the complaint and drawing all reasonable inferences from those allegations in her favor, Plaintiff asserted a claim for Title VII pregnancy discrimination based on failure to hire. Judge Smith reasoned that in order to survive a motion to dismiss, a plaintiff must merely set forth sufficient facts to state a claim that is plausible on its face. Thus, Plaintiff's allegation was deemed sufficient requiring denial of the motion.

## RELEVANT LAW

## STANDARD OF REVIEW

A magistrate judge may "hear a pretrial matter dispositive of a claim or defense" if so designated by a district court. *See* Fed. R. Civ. P. 72(b)(1); *accord* 28 U.S.C. § 636(b)(1)(B). In such a case, the magistrate judge "must enter a recommended disposition, including, if appropriate, proposed findings of fact." Fed. R. Civ. P. 72(b)(1); *accord* 28 U.S.C. § 636(b)(1). Where a magistrate judge issues a report and recommendation,

> [w]ithin fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the

> court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.

28 U.S.C. § 636(b)(1); *accord* Fed. R. Civ. P. 72(b)(2), (3). However, "[t]o accept the report and recommendation of a magistrate, to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record." *Wilds v. United Parcel Serv., Inc.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003) (*quoting Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985)); *accord Caidor v. Onondaga County*, 517 F.3d 601, 604 (2d Cir. 2008) ("[F]ailure to object timely to a magistrate's report operates as a waiver of any further judicial review of the magistrate's decision.") (*quoting Small v. Sec. of HHS*, 892 F.2d 15, 16 (2d Cir. 1989); *see also* Fed. R. Civ. P. 72 advisory committee note (1983 Addition, Subdivision (b)) ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.").

## MOTION TO DISMISS

On a motion to dismiss under Fed. R. Civ. P. 12(b)(6), dismissal is proper unless the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) *(quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). When there are well-pleaded factual allegations in the complaint, "a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Id. at 679. "Although for the purposes of a motion to dismiss [a court] must take all of the factual allegations in the complaint as true, [it is] 'not bound to accept as true a legal conclusion couched as a factual allegation.'" Id. (*quoting Twombly*, 550 U.S. at 555). It is not necessary for the complaint to assert "detailed factual allegations," but must allege "more than labels and conclusions." *Twombly*, 550 U.S. at 555. The facts in the complaint

"must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." Id.

On a motion to dismiss, the court may consider the documents that are "asserted within the four corners of the complaint, the documents attached to the complaint as exhibits, and any documents incorporated in the complaint by reference." *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 191 (2d Cir. 2007). The court may deem a document incorporated by reference where the complaint "refers to" the document. *EQT Infrastructure Ltd. v. Smith*, 861 F. Supp. 2d 220, 224 n. 2 (S.D.N.Y. 2012). "A mere passing reference or even references, however, to a document outside the complaint does not, on its own, incorporate the document into the complaint." *Sira v. Morton*, 380 F.3d 57, 67 (2d Cir. 2004). "Where a document is not incorporated by reference, the court may nevertheless consider it where the complaint relies heavily upon its terms and effect, thereby rendering the document integral to the complaint. *DiFolco v. MSNBC Cable, LLC*, 622 F3d 104, 111 (2d Cir. 2010).

## TITLE VII FAILURE TO HIRE

To assert a claim for failure to hire pursuant to Tile VII, plaintiff must allege four essential facts: 1. she is a member of a protected class; 2. she applied and was qualified for a job for which the employer was seeking applicants; 3. she was denied the position based on discrimination; and 4. the position remained open and the employer continued to seek applicants having the plaintiff's qualifications. *McDonnell Douglass Corp. v. Green*, 411 U.S. 792, 802 (1973 ); *see also Brown v. Coach Stores*, 163 F.3d 706, 709 (2d Cir. 1998). Alternatively, in a failure to hire case based on pregnancy, plaintiff may establish the fourth element by showing that the position remained open and was ultimately filled by a non-pregnant

employee. *See Kerzer v. Kingly Mfg.*, 156 F.3d 396, 401 (2d Cir.1998); *see also Quaratino v. Tiffany & Co.*, 71 F.3d 58, 64 (2d Cir.1995).

## DISCUSSION

Here, as neither party objected to the R&R issued by Judge Smith, the Court reviews the recommendation for clear error. The Court agrees with Judge Smith that the facts as alleged by Plaintiff, accepted as true, are sufficient to assert a plausible claim for Title VII pregnancy discrimination for failure to hire. The Court finds no error on the face of the R&R, and thus adopts Judge Smith's R&R in its entirety.

## CONCLUSION

For the reasons stated above, this Court adopts Judge Smith's R&R in its entirety. Defendant's motion to dismiss is denied, and the Clerk of Court is respectfully directed to terminate the motion at ECF Docket No. 21.

Dated: October 17, 2016
White Plains, NY

SO ORDERED

_____
Nelson S. Román
United States District Judge